UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AL PICCOLO,
*individually and as parent and natural*
*guardian of a minor*,
MICHELLE PICCOLO,
*individually and as parent and natural*
*guardian of a minor*,

Plaintiffs,

-vs-                                                          Case No.  8:06-cv-01425-SCB-EAJ

J.C. PENNY CORPORATION, INC.,

Defendant.

_____/

# O R D E R

This cause comes before the Court for consideration of Defendant's Notice of Removal.

(Doc. No. 1.)  On July 5, 2006, Plaintiffs filed suit against Defendant J.C. Penny Corporation,

Inc. in state court, alleging that their daughter suffered personal injuries while inside Defendant's

store as a result of Defendant's negligence.  (Doc. No. 2.)  On August 3, 2006, Defendant filed a

Notice of Removal to the United States District Court for the Middle District of Florida pursuant

to 28 U.S.C. § 1441.  (Doc. No. 1.)  Defendant asserts that this Court has jurisdiction over this

case pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the parties

and because the amount in controversy exceeds $75,000.

Diversity jurisdiction exists where the suit is between citizens of different states, and the

amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  "[T]he removing party bears the

burden of establishing jurisdiction."  *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996).

The removing party must make "an affirmative showing . . . of all requisite factors of diversity

jurisdiction, including amounts in controversy, at the time removal is attempted." *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 255 (5th Cir. 1961). "[W]here a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

To establish the requisite amount in controversy, Defendant asserts that "a fair reading of the Complaint indicates that the amount in controversy exceeds the sum of value of $75,000.00, exclusive of interests and costs." Defendant does not rely on any records, or any admission or interrogatory response by Plaintiffs, to support this assertion. Rather, Defendant merely points to the fact that Plaintiffs are seeking personal injury damages on behalf of their daughter, including medical expenses, pain and suffering, and loss of income, as well as damages on behalf of themselves, including loss of parental consortium. In their complaint, Plaintiffs do not specify the amount of damages they are seeking, other than to state that the damages exceed $15,000.00. Defendant's vague assertion that "a fair reading of the Complaint" indicates that the amount in controversy exceeds $75,000 is insufficient to establish the jurisdictional requirement by a preponderance of the evidence. *Tapscott*, 77 F.3d at 1357. Therefore, because Defendant has not sustained its "burden of establishing jurisdiction," this case must be remanded to the state court where it was originally filed. *Diaz*, 85 F.3d at 1505.

Accordingly, because Defendant failed to establish this Court's jurisdiction in its Notice of Removal, it is **ORDERED AND ADJUDGED** that the Clerk is directed to remand this action

to state court and to close this case.

      **DONE AND ORDERED** at Tampa, Florida, this 10th day of October, 2006.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge